UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
Michael Samuel (MS 7997)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
michael@samuelandstein.com

| | |
|---|---|
| MOHAMED ZAKARIA MUSLEH RAJEH, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>- vs. –<br><br>BRIGHTON'S BEST DELI CORP., and KHALED M. ALGAHIEM, and ABDUL ALGAHIEM,<br><br>Defendants. | DOCKET NO. 19-cv-_____<br><br>**COMPLAINT** |

Plaintiff Mohamed Zakaria Musleh Rajeh, by and through his undersigned attorneys, brings this action on behalf of himself and on behalf of all other persons similarly situated, and for his complaint against Brighton's Best Deli Corp., Khaled M. Algahiem, and Abdul Algahiem (together, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that he is entitled to unpaid wages from Defendants for work for which he did not receive proper overtime premium pay as required by law.

2. Plaintiff further complains that he is entitled to: (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which

Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations; (iii) compensation for unpaid "spread-of-hours" pay in violation of the New York Labor Law; (iv) compensation for Defendants' violation of the Wage Theft Prevention Act; and (v) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

3. Mr. Mohamed Zakaria Musleh Rajeh is an adult individual residing in the Brooklyn, New York.

4. Upon information and belief, Defendant Brighton's Best Deli Corp. is a New York corporation with a principal place of business located at 1133 Brighton Beach Avenue, Brooklyn, NY 11235.

5. Upon information and belief, Defendant Khaled M. Algahiem is an adult individual residing in Brooklyn, New York.

6. Upon information and belief, Defendant Abdul Algahiem is an adult individual residing in Brooklyn, New York.

7. At all relevant times, Defendant Brighton Beach Deli Corp. has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8. Upon information and belief, at all relevant times, Defendant Brighton Beach Deli Corp. has had gross revenues exceeding $500,000.00.

9. Upon information and belief, at all relevant times herein, Defendant Brighton Beach Deli Corp. has used goods and materials produced in interstate commerce, and has employed individuals who handled such goods and materials.

10. Upon information and belief, at all relevant times, Defendant Brighton Beach Deli Corp. constituted an "enterprise" as defined in the FLSA.

11. Upon information and belief, Defendant Khaled M. Algahiem is the owner or part owner and principal of Brighton Beach Deli Corp.; he has the power to hire and fire employees, set wages and schedules, and maintain their records.

12. Khaled M. Algahiem is involved in the day-to-day operations of Brighton Beach Deli Corp. and plays an active role in managing the business.

13. Upon information and belief, Defendant Adbul Algahiem is the owner or part owner and principal of Brighton Beach Deli Corp.; he has the power to hire and fire employees, set wages and schedules, and maintain their records.

14. Abdul Algahiem is involved in the day-to-day operations of Brighton Beach Deli Corp. and plays an active role in managing the business.

15. Defendants constituted "employers" of Plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Defendants' business is located in this district.

## FACTS

18. At all relevant times herein, Defendants owned and operated a deli/store in New York.

19. Mr. Rajeh was employed by Defendants as a stocker from approximately January 2018 through June 2018.

20. Mr. Rajeh's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants and did not involve executive or administrative responsibilities.

21. At all relevant times herein, Mr. Rajeh was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

22. Throughout his employment with Defendants, Mr. Rajeh's schedule has been seven days per week.

23. Mr. Rajeh worked daily from 7:00 A.M. to 7:00 P.M., 8:00 A.M. to 8:00 P.M., or 10:00 a.m. to 10:00 P.M. daily, depending upon what time he was called to begin his shift.

24. Consequently, Mr. Rajeh worked roughly 84 hours per week through each week of his employment with Defendants.

25. Mr. Rajeh was paid in four installments of $500 in cash, totaling $2,000.00 during the entire course of his employment with Defendants. He received the first $500 installment during his first week of employment; the second $500 installment during his

4

second month; the third $500 installment during his third month of employment; and the fourth $500 installment at the end of his employment with Defendants.

26. Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

27. Defendants' failure to pay Plaintiff the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

28. Defendants paid Plaintiff less than the statutory minimum wage at all times during his employment.

29. Defendants failed to provide Plaintiff with an additional hour's pay at the New York minimum wage for each shift that exceeded ten hours, in violation of the New York Labor Law and its supporting regulations.

30. Defendants failed to provide Plaintiff with properly compliant paystubs under the New York Labor Law.

31. Defendants failed to provide Plaintiff with a wage acknowledgment notice, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

32. Upon information and belief, throughout the period of Plaintiff's employment, both before that time and continuing until today, Defendants have likewise employed other individuals like Plaintiff in positions at Defendants' business that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

33. Upon information and belief, these other individuals have worked more than forty hours per week, yet Defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

34. Upon information and belief, these other individuals were not provided with an additional hour's pay at the New York minimum wage on days when their shifts exceeded ten hours, in violation of the New York Labor Law and its supporting regulations.

35. Upon information and belief, these other individuals were not provided with required wage notices or accurate weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

36. Upon information and belief, while Defendants employed Plaintiff, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

### COUNT I: Fair Labor Standards Act - Overtime

37. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

38. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

39. Defendants had a policy and practice of refusing to pay their employees the correct overtime premiums for hours they worked that exceeded forty hours per workweek.

40. Because of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate of pay for work performed exceeding forty

hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

41. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

42. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### COUNT II: New York Labor Law – Minimum Wage

43. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

44. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

45. Defendants willfully violated the rights of the Plaintiff by failing to pay him compensation at the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

46. Defendants' failure to pay compensation at the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

47. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest,

reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT III: New York Labor Law - Overtime

48. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

49. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

50. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times his regular rate of pay for each hour worked that exceeded forty hours per workweek, in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 146.

51. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

52. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT IV: New York Labor Law – Wage Theft Prevention Act

53. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

54. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

55. Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

56. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

57. Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from Defendants statutory damages of $250 per day during the period of his employment, up to the maximum statutory damages.

58. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages of $50 per day during the period of his employment, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d. Compensatory damages for failure to pay the minimum wage pursuant to the New York Labor Law;

e. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

f. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g. Liquidated damages for Defendants' New York Labor Law violations;

h. Statutory damages for Defendants' violations of the New York Wage Theft Prevention Act;

i. Back pay;

j. Punitive damages;

k. An award of prejudgment and post judgment interest;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m. Such other, further, and different relief as this Court deems just and proper.

Dated: March 4, 2020

Michael Samuel, Esq.

SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

*Attorneys for Plaintiff*