UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
MOHAMED ZAKARIA MUSLEH RAJEH,

               Plaintiff,                             **REPORT AND RECOMMENDATION**
                                                      **20 CV 1178 (LDH)(LB)**

    -against-

BRIGHTON'S BEST DELI CORP., KHALED
ALGAHIEM, and ABDUL ALGAHIEM,

               Defendants.
--------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

Plaintiff, through counsel, brings this action for the denial of overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that this case should be dismissed for failure to prosecute pursuant to Federal Rules of Civil Procedure 41(b).

## BACKGROUND

Plaintiff filed a complaint on March 4, 2020, commencing this action against the defendants. ECF No. 1. That same day the summonses were issued. ECF No. 6. On June 1, 2020, plaintiff filed proof of service stating that the summons and a copy of the complaint were served on the defendants on March 11, 2020. ECF Nos. 9-10. Defendants' answers to plaintiff's complaint were due on April 1, 2020. Fed. R. Civ. P. 12(a)(1)(A)(i). To date, defendants have failed to answer or otherwise respond to plaintiff's complaint. On September 25, 2020, the Court ordered plaintiff to "take appropriate action against defendants by October 20, 2020, or [the Court] shall recommend that this case should be dismissed." Plaintiff has neither moved for entry of default nor taken any other action to prosecute this matter.

**DISCUSSION**

When a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," the Court may dismiss an action. Fed. R. Civ. P. 41(b). The Court may dismiss a case for failure to prosecute <u>sua</u> <u>sponte</u>. <u>O'Rourke v. Nirvana</u>, 19-CV-4711(PAE)(GWG), 2020 WL 1198326, at *1 (S.D.N.Y. Mar. 12, 2020) <u>report and recommendation adopted by</u> 2020 WL 2133174 (S.D.N.Y. May 5, 2020). The power of a District Court to dismiss an action for failure to prosecute is "an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs" and dispose of cases in an orderly manner. <u>Lewis v. Rawson</u>, 564 F.3d 569, 575 (2d Cir. 2009) (quoting <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-31 (1962) (internal quotation marks omitted). The Second Circuit counsels that dismissal for lack of prosecution is "harsh" and only appropriate in "'extreme situations.'" <u>Id</u>. at 575–76 (quoting <u>Minnette v. Time Warner</u>, 997 F.2d 1023, 102 (2d Cir. 1993).

A Court considering dismissal for failure to prosecute must consider five factors. <u>Id</u>. at 575. (citing <u>United States ex. rel. Drake v. Norden Sys., Inc.</u>, 375 F.3d 248, 254 (2d Cir. 2004)). These factors include:

> Whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

<u>Id</u>. (quoting <u>Drake</u>, 375 F.3d 254). A delay in prosecution may prejudice defendants because witnesses' memories fade with the passage of time. <u>O'Rourke</u>, 2020 WL 1198326, at *2. District Courts must also diligently manage their dockets and "cannot indefinitely wait" for a plaintiff to again focus on prosecuting a case. <u>Id</u>. When a plaintiff fails to respond once threatened with

2

dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter. See Ruzsa v.

Rubenstein & Sendy Attys. at Law, 520 F.3d 176, 177 (2d Cir. 2008).

Here, plaintiff's failure to prosecute this matter warrants dismissal. Plaintiff's last action

in this case, filing proof of service, occurred nearly seven months ago. ECF Nos. 9-10. Moreover,

since April 2020, when defendants' answers became overdue, plaintiff has not requested an entry

of default or otherwise acted to prosecute this case. The Court warned plaintiff on September 25,

2020 that failure to move for default judgment by October 20, 2020 would result in dismissal of

the action. Plaintiff has failed to act or otherwise respond to the Court's order.

## CONCLUSION

Accordingly, it is respectfully recommended that this case should be dismissed pursuant to

Federal Rule of Civil Procedure 41(b) for plaintiff's failure to prosecute. Plaintiff shall serve a

copy of this Report on defendants and file proof of service forthwith.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,

the parties shall have fourteen (14) days from service of this Report to file written objections. See

also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the

Clerk of the Court. Any request for an extension of time to file objections must be made within

the fourteen-day period. Failure to file a timely objection to this Report generally waives any

further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d

Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v.

Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/

LOIS BLOOM
United States Magistrate Judge

Dated:  December 28, 2020
        Brooklyn, New York